IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLARD MIAL CREWS,            )
                               )
            Petitioner,        )
                               )      1:12CV1274
      v.                       )      1:08CR50-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Willard Mial Crews, a federal prisoner, has brought an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docs. 70, 72, 75.)[1] On February 26, 2008, Petitioner was indicted for bank robbery by force, violence, and intimidation, a violation of 18 U.S.C. § 2113(a). (Doc. 1.) Petitioner was convicted after a jury trial on May 28, 2009. (Jury Verdict (Doc. 42); Minute Entry 05/28/2009.) He was sentenced to 240 months of imprisonment on March 5, 2010 (see Minute Entry 03/05/2010), and Judgment was entered on April 2, 2010. (Doc. 51.) After an unsuccessful appeal, United States v. Crews, 443 Fed. App'x 834 (4th Cir.

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:08CR50-1).

2011), and the denial of a petition for writ of certiorari, United States v. Crews, ____ U.S. ____, 132 S. Ct. 838 (2011), Petitioner filed his current motion under § 2255, which the court later permitted him to amend. (Docs. 70, 72, 75.) Respondent has filed a response (Doc. 77). Petitioner has filed a reply (Doc. 84) and three motions seeking various additional forms of relief, including discovery from the Government. (Docs. 82-83, 86.) The matter is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

## I. PETITIONER'S CLAIMS

Petitioner raises four claims. First, Petitioner contends that there was a violation of the Speedy Trial Act. (Petition (Doc. 70), Ground One.) Second, Petitioner contends that trial counsel was constitutionally ineffective in cross-examining a Government witness at trial. (Id., Ground Two.) Third, Petitioner contends that counsel was constitutionally ineffective at trial for not questioning whether certain inculpatory statements attributed to Petitioner were complete and accurate. (Id., Ground Three.) Petitioner's fourth claim states that he has filed a Freedom of Information Act ("FOIA") action with the United States Department of Justice that

- 2 -

Case 1:08-cr-00050-WO   Document 87   Filed 12/23/15   Page 2 of 18

supports his other claims for relief. (Id., Ground Four.)  As
explained below, none of these claims has merit.

## II. DISCUSSION

### A. Claim One

Petitioner's first claim is that this court and the Fourth
Circuit Court of Appeals both erred in concluding that there had
been no violation of the Speedy Trial Act. (Petition (Doc. 70),
Ground One.)  Nevertheless, this claim cannot proceed further.
That is because absent a change in the law, a prisoner cannot
relitigate in a collateral proceeding an issue rejected on
direct appeal.[2]  Here, the Fourth Circuit considered and rejected
Petitioner's claim on direct review.  The Fourth Circuit stated:

> Finally, Crews contends that the indictment
> should be dismissed because more than seventy non-
> excludable days elapsed between his initial appearance
> and the trial, in violation of the Speedy Trial Act.
> We conclude that Crews has waived this issue because
> he did not move for dismissal based on the Act prior
> to trial. See 18 U.S.C. § 3162(a)(2); United States v.
> Henry, 538 F.3d 300, 304 (4th Cir. 2008).  In any
> event, the claim lacks merit. In Crews's proposed
> calculation, he fails to exclude the periods due to
> delay from pretrial motions pursuant to 18 U.S.C.

---

[2] See, e.g., United States v. Roane, 378 F.3d 382, 396 n.7
(4th Cir. 2004) ("Because the Defendants have not pointed to any
change in the law that warrants our reconsideration of these
claims, we agree with the district court that they cannot
relitigate these issues."); Boeckenhaupt v. United States, 537
F.2d 1182, 1183 (4th Cir. 1976) (explaining that criminal
defendant cannot "recast, under the guise of collateral attack,
questions fully considered by this court [on direct appeal]").

- 3 -

> § 3161(h)(1)(D). See <u>United States v. Tinklenberg</u>, ___ U.S. ___, 131 S. Ct. 2007, 2015, 179 L.Ed.2d 1080 (2011). Accordingly, we affirm the district court's judgment.

<u>Crews</u>, 443 Fed. App'x at 838.

This court may not overrule the Fourth Circuit, and Petitioner has not pointed to any change in the law that would require this court to take up Petitioner's claim once again. And, even if this court could consider this issue anew, it would reach the same conclusion for the same reasons identified by the Fourth Circuit above. This claim is non-cognizable or, alternatively, fails on the merits.

Moreover, any effort to restate this argument as an ineffective assistance of counsel claim also fails. To prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See <u>Strickland v. Washington</u>, 466 U.S. 668, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See <u>Spencer v. Murray</u>, 18 F.3d 229, 232-33 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the

result of the proceeding would have been different. Strickland, 466 U.S. at 694. Petitioner has met neither prong of Strickland.

Here, because the underlying argument that there was a Speedy Trial Act violation has no merit, counsel was not objectively unreasonable in failing to raise the matter with the court. And, likewise, given that the issue lacks merit, Petitioner was not prejudiced by counsel's failure to assert a violation of the Speedy Trial Act. Consequently, to the extent Petitioner seeks to raise this claim as an ineffective assistance of counsel claim, it also fails.

**B.  Claim Two**

Petitioner's second claim is that trial counsel was constitutionally ineffective in cross-examining Jeanette Kelly, a Government witness, at trial. (Petition (Doc. 70), Ground Two referencing Trial Tr., Vol. 1 (Doc. 59) at 73-77.) For the following reasons, this claim also lacks merit.

Specifically, Petitioner contends that counsel was ineffective for failing to cross-examine Jeanette Kelly, an employee of First Citizens Bank in Sanford, North Carolina, about her statement that the bank was insured by the FDIC at the time of the robbery. (Id.) Petitioner also contends that counsel should have asked Kelly about the prior statements she

made to police officers which Petitioner apparently contends would be inconsistent with her testimony at trial. (Id.)

Here, Kelly testified that the bank was insured by the FDIC when Petitioner robbed it and identified a copy of the FDIC certificate maintained by the bank. (Trial Tr., Vol. 1 (Doc. 59) at 72-73). Counsel objected to this evidence and testimony, arguing that the Government had not provided a proper foundation to establish Kelly's knowledge of the bank's FDIC status. (Id.) The court overruled the objection and counsel decided not to cross-examine Kelly. (Id. at 73-75, 77.)

On appeal, Petitioner again alleged that the FDIC document was improperly authenticated, and this argument was rejected by the Fourth Circuit, which stated:

> On appeal, Crews contends that the district court erred in admitting the FDIC certificate because it did not have a signature and thus was not self-authenticating under Fed. R. Evid. 902(1). Crews argues that there was "not sufficient testimony to authenticate the document otherwise," because the employee did not testify that she was an officer of the bank and she "did not have the personal knowledge necessary to give this testimony." We conclude there was no error. See United States v. Wingard, 522 F.2d 796, 797 (4th Cir. 1975) (noting that testimony by bank teller was "sufficient to prove the bank's custody of the certificate"). Moreover, even if the district court erred in admitting the certificate, any error was harmless, since introduction of the FDIC certificate is not required where there is uncontroverted testimony that a bank is FDIC-insured. See United States v. Gallop, 838 F.2d 105, 111–12 (4th

- 6 -

>     Cir.1988); [United States v. Safley, 408 F.2d 603, 605
>     (4th Cir. 1969)].

Crews, 443 Fed. App'x at 837. Petitioner now raises this claim in a slightly different format[3] by alleging his attorney was ineffective by not cross-examining Kelly. However, Petitioner fails to meet either prong of Strickland here.

First, Petitioner has failed to demonstrate that counsel's decision not to cross-examine Kelly was unreasonable. As explained, counsel objected to Kelly's statement that the bank was insured by the FDIC, as well as to the introduction by the Government into evidence of a copy of the FDIC certificate kept by the bank. (Trial Tr., Vol. 1 (Doc. 59) at 73-75.) After counsel's arguments were rejected by the court, it is unsupported and conclusory speculation that additional cross-examination would have benefited Petitioner's cause. Petitioner is not entitled to a hearing, or any form of relief, based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with

---

[3] If Petitioner is again trying to assert that the trial court erred in this regard, the matter is non-cognizable in this proceeding and, even if it was not, the court would reach the same conclusion as the Fourth Circuit for the reasons set forth above. Boeckenhaupt, 537 F.2d at 1183.

- 7 -

some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Given that there is no reason to believe that cross-examination of Kelly would have benefited Petitioner's case, counsel's decision not to do so was a reasonable tactical decision.

Second, and likewise, there is no prejudice here if for no other reason than because had counsel cross-examined Kelly on the FDIC issue, the results were as likely to hurt Petitioner's cause as help it. Specifically, Kelly was working when Petitioner robbed the bank and was able to identify photographs taken during the robbery showing the robber in the act of committing the robbery. (Trial Tr., Vol. 1 (Doc. 59) at 75.) Kelly also provided a description of the robber, but did not identify Petitioner in court as the robber. (Id. at 76-77.) A cross-examination of Kelly could have prompted her to identify Petitioner as the robber, to his detriment, and so counsel's decision to conduct no cross-examination was a reasonable tactical one. See Strickland, 466 U.S. at 689 (observing that counsel has "wide latitude . . . in making tactical decisions"). Petitioner has failed to establish that counsel was ineffective

as alleged, and this claim should be dismissed as being without merit.

### C. Claim Three

Petitioner's third claim is that counsel was ineffective for not questioning at trial whether the notes taken by Detective Vincent Frazer of the Sanford Police Department, in which Petitioner waived his rights and admitted to the bank robbery, were complete and accurate. (Petition (Doc. 70), Ground Three referencing Trial Tr., Vol. 2 (Doc. 60) at 17-21, 52-74.) This claim also fails. However, to understand why, additional background information is necessary.

More specifically, at trial, counsel cross-examined Detective Frazer extensively concerning the statement he obtained from Petitioner and made several legal arguments to the court. (Trial Tr., Vol. 2 (Doc. 60) at 58-74.) Detective Frazer testified that in taking Petitioner's statement, he first took handwritten notes, which were then typed up on a computer. (Id. at 70.) In the typewritten statement, Petitioner admitted approaching a teller, asking for "all of it", leaving the bank with the robbery money, and giving "almost all the money back" when he was later arrested. (Id. at 57-58.) Importantly, Petitioner also reviewed and signed the typewritten statement,

indicating it was "truthful and accurate." (Id. at 55, 58, 60, 70.) Additionally, when he testified at trial, Petitioner recalled talking to Detective Frazier after his arrest, but he only "vaguely remember[ed] speaking with him." (Id. at 88.)

In light of all this, Petitioner's claim fails. First, Petitioner seems to be speculating without any evidence that Detective Frazer's handwritten notes are somehow meaningfully at odds with the finalized typewritten statement. However, in support of this claim, Petitioner does no more than make vague, conclusory, and unsupported assertions. Assertions such as this are deficient as a matter of law, especially where the evidence at trial indicates that Petitioner reviewed and signed the typewritten statement, indicating it was "truthful and accurate." (Id. at 55, 58, 60, 70.) See Nickerson, 971 F.2d at 1136. Petitioner has failed to establish that any additional investigation by counsel or further cross-examination of Detective Frazer could have somehow benefited Petitioner.

Second, if Petitioner is again questioning the sufficiency of the evidence against him that claim also fails. The Fourth Circuit has already found the evidence against Petitioner to be sufficient for a violation of § 2113(a). Crews, 443 Fed. App'x at 836. Petitioner cannot use a § 2255 motion to relitigate

issues he has already lost before both the district court and the Fourth Circuit. And, again, even if such a claim was cognizable, the court would conclude that there is sufficient evidence to convict Petitioner of the charged crime. Petitioner's third claim fails and is therefore denied.

**D. <u>Claim Four</u>**

Petitioner's fourth claim states that he has filed an FOIA action with the United States Department of Justice that supports his other claims for relief. (Petition (Doc. 70), Ground Four.) At the time Petitioner filed his § 2255 motion, however, his FOIA claim was outstanding. Since then, Petitioner's FOIA action has run its course and, as explained in greater detail below, that proceeding entitles him to no relief because it was denied in its entirety. Petitioner's fourth claim, therefore, also lacks merit.

**E. <u>Petitioner's Additional Motions</u>**

Petitioner has also filed three motions seeking various forms of relief. (Docs. 82-83, 86.)

**1. <u>Petitioner's First Motion for Discovery</u>**

Petitioner's first motion for discovery (Doc. 82) seeks a "full and complete set of the Discovery materials in the aforecited criminal case" "for presentation and clarification of

issues currently before the" court. (Id. at 1-2.) Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings authorizes discovery in post-conviction proceedings but, "[u]nlike other civil litigants, a . . . habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)), cert. denied, 558 U.S. 1122 (2010). Instead, before beginning discovery, a petitioner must obtain leave of court by showing good cause. Bracy, 520 U.S. at 904, 908-09; Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir.1991). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." Stephens, 570 F.3d at 204.

Here, Petitioner has failed to include specific allegations suggesting he will be able to demonstrate an entitlement to relief and has failed to demonstrate good cause for discovery. The motion will therefore be denied.

### 2. Petitioner's Request for Documents

Petitioner's second motion requests the court send him (1) "[a] newly updated Court Docket, to include the entry of the instant MOTION," (2) "[a] duplicate copy of all Motions or other

submissions by Petitioner and Respondent, dating from September 2013 to the submission date of the instant MOTION," and "[a] copy of the Local Court Rules, as Petitioner requires same in the effort to be in compliance with same." (Doc. 83 at 2-3.) The court grants Petitioner's motion insofar as he requests an updated docket sheet. However, the court denies the motion in all other respects. Petitioner should be in possession of his own pleadings, since he wrote them, and Petitioner has failed to indicate otherwise or provide good cause as to why he is entitled to copies. Additionally, the Government has only filed one pleading since September 2013, a response to Petitioner's § 2255 Motion, and Petitioner is in possession of that document, because he makes reference to it in his reply. (Docs. 77, 84.) Consequently, there is no reason to send Petitioner any pleadings in this case.

Petitioner's request for a copy of the local rules is also denied for at least two reasons. First, as a general matter, the court does not provide legal materials to a petitioner. Second, Petitioner's claims are being denied on the merits and not for failure to follow the local rules. Consequently, any failure on Petitioner's part to comply with the local rules is immaterial and the request is therefore moot.

### 3. Petitioner's Second Motion for Discovery

Although somewhat difficult to follow, Petitioner's last motion contains four requests for relief. (Doc. 86.) First, Petitioner requests "that based on the F.O.I.A. response for discovery information (enclosed) that the court order the Government to release all discovery information including handwritten notes, original statements, etc., as well as a copy of the legal court rules, as Petitioner requires same in the effort to be in compliance with same; to pro se counsel for his § 2255 motion for relief." (Doc. 86 at 1.)

As alluded to previously, Petitioner filed an FOIA request with the United States Department of Justice, Executive Office for United States Attorneys, seeking access to certain third-party statements and handwritten notes located in the United States Attorney's Office for the Middle District of North Carolina. (Id. at 4.) In response, the Department of Justice acknowledged that there was responsive evidence to Petitioner's request, but denied Petitioner's request to review it. (Id.) Petitioner then appealed this result to the Office of Information Policy ("OIP") at the Department of Justice, which affirmed the Executive Office's original decision on modified grounds. (Id. at 6-7.) Specifically, in affirming the original

decision, the OIP also concluded that there was no evidence responsive to Petitioner's request, and so modified the decision of the Executive Office accordingly. (Id. at 7.)

Petitioner now appears to take the position that the above-mentioned pleadings provide good cause that would warrant discovery in this case. The court is not persuaded. As an initial matter, the documents referenced in the previous paragraph, if anything, confirm that there is no responsive discovery to be had. And, in any event, Petitioner has again failed to provide good cause as to why this discovery is necessary to the pursuit of Petitioner's claims.

Second, Petitioner seeks to amend his § 2255 motion to add a fourth claim. (Doc. 86 at 1.) Specifically, Petitioner requests "[t]hat the court amend pro se counsel § 2255 Ground 4 by adding the (enclosed) response from F.O.I.A. further showing that the court does order the Government to produce the discovery information, i.e. original statements, handwritten notes, etc. to pro se counsel for relief in pro se counsel motion § 2255." (Doc. 86 at 1-2.) As explained above, however, Petitioner already raised this "claim"[4] in his § 2255 forms and

---

[4] The "claim" is really an additional request for discovery, however, regardless of how it is characterized, it will be denied.

so this claim is already before the court.  An amendment is not necessary.  The court has therefore considered all the pleadings and evidence related to this claim, including all the documents attached to this particular motion (Doc. 86), and concludes that Petitioner's fourth claim, as supplemented, fails because it is so vague, conclusory, and speculative as to prohibit review. See Nickerson, 971 F.2d at 1136. Beyond this, the pleadings Petitioner has filed, discussed in greater detail above, actually indicate that the Government does not have any documents responsive to Petitioner's requests for information.

Petitioner's third request essentially duplicates his first request for discovery.  (Doc. 86 at 2.)  As explained above repeatedly, Petitioner has not provided good cause that would warrant discovery in this matter.

Finally, Petitioner appears to request that the court appoint him counsel in this case to assist him with his § 2255 motion and to assist him in acquiring the discovery he seeks. (Id.)  The court will deny this request for relief as well. This is because there is no constitutional right to appointed

- 16 -

Case 1:08-cr-00050-WO   Document 87   Filed 12/23/15   Page 16 of 18

counsel in a habeas case.[5] Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the court does not find that appointment of counsel is required by the interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied.

III. **CONCLUSION**

For the reasons set forth above, **IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, as amended, (Docs. 70,

---

[5] See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir.) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."), cert. denied, ____ U.S. ____, 134 S. Ct. 421 (2013); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255").

72) are **DENIED** for lack of merit and that this case is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Petitioner's additional motions (Docs. 82, 86) are **DENIED** for lack of merit.

**IT IS FURTHER ORDERED** that Petitioner's motion (Doc. 83) requesting an updated docket sheet is **GRANTED IN PART AND DENIED IN PART** in all other respects. The Clerk of Court is hereby **ORDERED** to provide Petitioner with an updated docket sheet.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 23rd day of December, 2015.

_____
United States District Judge